UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH R. CRAFT, JR.,

    Plaintiff,

    v.                                           CAUSE NO. 3:22-CV-583-JD-MGG

SHERIFF,

    Defendant.

## OPINION AND ORDER

Kenneth R. Craft, Jr., a prisoner without a lawyer, sent the court a letter which will be construed as a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Craft, who is currently incarcerated at the Pulaski County Jail, alleges he has a life-threatening condition causing him severe pain. Specifically, he claims he has a hernia in his lower abdomen and that his intestines "have came (sic) loose and are now resting against my apendix (sic) which is causing me sever[e] pain and my kidneys to not work right." ECF 1 at 1. He alleges Dr. Hood, his outside physician, sent the Pulaski County Jail medical staff his health records, which indicate he needs surgery. Instead,

the staff performed an inhouse ultrasound and x-ray and informed Craft there is nothing wrong with him. Craft alleges that although he is in severe pain, cannot stand up, and is scared that his hernia or appendix is going to rupture and kill him, the medical staff at the Pulaski County Jail are refusing to help him or provide any medical care. He seeks "help." *Id*.

Under the Constitution, inmates are entitled to constitutionally adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As to pretrial detainees specifically,[1] the protection is provided by the Due Process Clause of the Fourteenth Amendment. *See e.g. Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). The Fourteenth Amendment prohibits "punishment" of pretrial detainees, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), and medical care—or the denial of it—cannot be "objectively unreasonable." *Miranda v. Cty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018).

Here, Craft has alleged he has a life-threatening condition that is not being treated. He has alleged he remains in constant, severe pain. And, construing his filing liberally, he has requested injunctive relief in the form of medical "help." Although inmates are "not entitled to demand specific care [nor] entitled to the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), Craft must be given the benefit of the inferences to which he is entitled at this stage. Accordingly, he has sufficiently stated a Fourteenth Amendment claim against the Pulaski County Sheriff in

---

[1] Because Craft is being held at a county jail, the court will presume—for purposes of this order only—he is a pretrial detainee.

his official capacity for permanent injunctive relief related to the receipt of medical care for his abdominal hernia, appendix, and/or kidneys.[2]

Moreover, because of the serious and potentially time-sensitive nature of Craft's claims, the court will construe his complaint as also seeking a separate request for preliminary injunctive relief. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). The Pulaski County Sheriff will be notified immediately of the request for

---

[2] Because Craft has requested injunctive relief, the sheriff in charge of the facility where he currently resides is the proper defendant. *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."); *see also Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016) ("[T]he constitutional duty under the Eighth and Fourteenth Amendments to provide adequate health care rests on the custodian."). Therefore, although not specifically delineated as such, the complaint will be construed as bringing a claim against the Pulaski County Sheriff.

preliminary injunctive relief and ordered to respond. After he does, Craft will have fourteen days to reply.

For these reasons, the court:

(1) CONSTRUES the filing of Kenneth R. Craft, Jr., as a complaint (ECF 1);

(2) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for preliminary injunction;

(3) GRANTS Kenneth R. Craft, Jr., leave to proceed against the Pulaski County Sheriff in an official capacity to obtain permanent injunctive relief to provide him with constitutionally adequate medical treatment for his abdominal hernia, appendix, and/or kidneys as required by the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Pulaski County Sheriff at the Pulaski County Jail, with a copy of this order and the complaint (ECF 1) which is also a motion for preliminary injunction;

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Pulaski County Sheriff at the Pulaski County Jail;

(7) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Pulaski County Sheriff to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(9) ORDERS the Pulaski County Sheriff to file and serve a response to the motion for preliminary injunction, as soon as possible but not later than **August 17, 2022**, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining how he is providing Kenneth R. Craft, Jr., with constitutionally adequate treatment for his abdominal hernia, appendix, and/or kidneys; and

(10) GRANTS Kenneth R. Craft, Jr., fourteen days to reply to the Pulaski County Sheriff's response to the motion for preliminary injunction.

SO ORDERED on July 26, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT