UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH R. CRAFT, JR.,

    Plaintiff,

    v.                                       CAUSE NO. 3:22-CV-583-JD-MGG

SHERIFF,

    Defendant.

OPINION AND ORDER

    Kenneth R. Craft, Jr., a prisoner without a lawyer, is currently proceeding in this lawsuit on a claim for injunctive relief against the Sheriff of the Pulaski County Jail related to medical care for his abdominal/hernia pain. ECF 3. On October 5, 2022, Craft's original motion for preliminary injunction and six additional motions for preliminary injunctive relief were denied. *See* ECF 26 & ECF 28. However, the court took one of the recent motions, titled "Motion for Preliminary Injunction" (ECF 23), under advisement and ordered the Sheriff to file a response to it. ECF 28. Craft was granted "fourteen days after the Sheriff files his response to file a **single** reply entitled "Reply to the Pulaski County Sheriff's Response to the Motion for Preliminary Injunction." *Id*. at 9. The Sheriff filed his response (ECF 31), and Craft filed his reply (*see* ECF 34 & ECF 35). Thus, that motion is ripe and will be ruled on by the court shortly.

    However, despite being warned that "filing repeated and often repetitive, almost-daily motions seeking preliminary injunctive relief—without waiting for a response from the defendant or resolution of a court order—is improper" (ECF 28 at 2

n.1),[1] Craft filed another document entitled "Motion for Preliminary Injunction" on the same day he filed his reply. ECF 33. Within a week, he filed two more such motions, and another one a week after that. ECFs 36, 37, 38. Overall, since his complaint was docketed on July 25, 2022, Craft has filed thirteen "Motions for Preliminary Injunction" in this case and an additional four in a separate case that was recently dismissed. *See Craft v. Pulaski County Jail, et al.*, cause no. 3:22-CV-661-DRL-MGG (filed August 8, 2022).

His original motion for preliminary injunction (ECF 2) was denied in a lengthy order that discussed the Sheriff's response and the voluminous medical evidence he provided to support the position that Craft had not established he was being provided with constitutionally inadequate medical care. ECF 26. The other motions were denied because they did not provide any independent basis for preliminary injunctive relief. *See generally* ECF 28. Instead, they simply set forth details of his daily care (or alleged lack thereof) and, "[w]hen viewed as a whole in light of that record and those previous conclusions, Craft's subsequent filings [did] not demonstrate he [was] failing to receive constitutionally adequate medical care for his hernia at the Pulaski County Jail." *Id*. at 5.

Likewise, Craft's various miscellaneous current motions requesting injunctive relief will be denied for similar reasons. First, the motion for preliminary injunction previously taken under advisement by the court (ECF 23) remains pending and will be ruled on accordingly. The subsequently filed motions relate to those same claims, and

---

[1] *See also* ECF 30 at 2–3.

much of the information is essentially duplicative of what he has already filed with the court in reply to that pending motion. As Craft was previously informed:

> [P]roviding the court with near-daily updates as to his medical care and titling these filings 'Motion for Preliminary Injunction' is not proper. While the court is sympathetic to Craft's allegations of pain, the court is not a medical provider and cannot provide Craft with daily medical care. Nor it is reasonable to expect the defendant to do so in response to every motion Craft files—in many instances, he is filing motions for preliminary injunctive relief the same day he is alleging those events occurred. That is not an efficient or feasible use of the judicial process. . . . Craft is cautioned that further duplicative and repeated motions for preliminary injunctive relief may be stricken without additional comment.

ECF 30 at 2–3. Therefore, the motions will be denied as unnecessary and duplicative.

Moreover, the motions themselves are both procedurally improper and substantively insufficient. For example, the motion filed on the same day as his reply states, in full, "I pray the court reviews, documents and files all pages. Thank you very much for your time and help." ECF 33 at 1. He attaches some grievances related to his medical requests and the Assistant Jail Commander's responses, all of which are dated *prior* to the date he submitted his reply. As Craft was previously informed, he was to file a "**single**" reply to the Sheriff's response. *See* ECF 28 at 9. Any documents or information prior to the date he submitted his reply should have been included as part of that reply rather than filed as a separate motion for preliminary injunctive relief, so it could be denied on that basis alone. More importantly, the attached documents simply repeat his assertions that he is in pain and that the medical staff are refusing to provide him with hernia surgery. This information is insufficient to grant preliminary injunctive relief because Craft has not demonstrated a likelihood of success on the merits. *See Winter*

*v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing likelihood of success on the merits as an element of preliminary injunctive relief claims); *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022) (In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings.").

The next motion simply informs the court he was sentenced by the state court on November 7, 2022, to 910 days for arson and 365 days for invasion of privacy to the Indiana Department of Correction. ECF 36. Craft states he believes he was sentenced to the IDOC "because the sheriff is still trying to get out of paying and providing me with adequate medical treatment of my hernias." *Id.* at 2. Again, the motion is insufficient because Craft has not demonstrated a likelihood of success on the merits. *See Winter*, 555 U.S. at 20; *Univ. of S. Ind.*, 43 F.4th at 791.

In the remaining two motions, Craft again asks the court, in full, to review, file, and document all pages, and he attaches various grievances related to his medical requests and the responses he received from the Assistant Jail Commander. ECF 37 & ECF 38. All of the documents attached to ECF 37 are dated *prior* to the date he submitted his reply and many are beyond the scope of the claims he has been granted leave to proceed on in this lawsuit. *See e.g.* ECF 37-1 at 1, 3 (a correctional officer was being "rude and passive aggressive" to him); *Id.* at 9 (a correctional officer subjected him to "unprofessional conduct" by "shaking his head" in the doorway while he was meeting with the doctor, and a different correctional officer "threatened or harassed"

4

him by calling his grievance frivolous). While some of the documents attached to ECF 38 are dated after he submitted his reply, none of them are adequate. *See e.g.* ECF 38 at 10 (Craft alleged Nurse Witkowski was "watching me as I ate" in the dayroom which he found to be "harassment"). In fact, some seem to suggest Craft has been refusing medical care, which strongly militates against ordering any form of injunctive relief. *See e.g.* ECF 38 at 4 (Craft stated he refused to be "moved up front" for medical observation because he felt it was a form of punishment); *Id.* at 6 (Craft alleged he became frustrated with Dr. Tchapchet's questions during a medical appointment so he said, "I'm done here and I walked out of medical"); *Id.* at 8 (when Craft asked Dr. Tchapchet to show him the records stating the surgery was "elective" and requested another CT scan, Dr. Tchapchet refused and began questioning him again about his trustee job, so Craft "told him we were done" and left the appointment). Simply put, Craft's motions and various attachments are insufficient to mandate the relief he requests. *See Winter*, 555 U.S. at 20; *Univ. of S. Ind.*, 43 F.4th at 791.

For these reasons, the motions (ECFs 33, 36, 37, 38) are DENIED. Kenneth R. Craft, Jr., is CAUTIONED that further duplicative and meritless motions for preliminary injunctive relief may be stricken without additional comment, or he may be subject to additional sanctions.

SO ORDERED on November 28, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT