UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH R. CRAFT, JR.,

                    Plaintiff,

            v.                                          CAUSE NO. 3:22-CV-583-JD-MGG

SHERIFF,

                    Defendant.

<u>OPINION AND ORDER</u>

Kenneth R. Craft, Jr., a prisoner without a lawyer, is proceeding in this case "against the Pulaski County Sheriff in an official capacity to obtain permanent injunctive relief to provide him with constitutionally adequate medical treatment for his abdominal hernia, appendix, and/or kidneys as required by the Fourteenth Amendment[.]" ECF 3 at 4. The Sheriff filed a motion for summary judgment, arguing Craft did not exhaust his administrative remedies prior to filing this lawsuit. ECF 48. Craft filed a response, and the Sheriff filed a reply. ECF 56, 61. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in

actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Sheriff argues Craft did not exhaust his administrative remedies prior to filing this lawsuit because he repetitively filed dozens of grievances complaining of his medical care but never appealed a single grievance after it was denied by the grievance office. ECF 49. Specifically, the Sheriff provides an affidavit from the Assistant Jail Commander of the Pulaski County Jail, who attests to the following facts: The Pulaski County Jail has an Inmate Grievance Procedure which allows inmates to file written grievances communicating their complaints concerning their health and welfare. ECF 49-1 at 1. The requirements of the Inmate Grievance Procedure are laid out in the Offender Guide, which is available to all inmates at computer kiosks in each cell block. *Id.* at 1-2. The Inmate Grievance Procedure requires inmates to complete three steps to fully exhaust a grievance: (1) a written grievance; (2) a Level II appeal; and (3) a Level III appeal to the Sheriff. *Id.* at 2-4, 6. Craft's grievance records show he has filed approximately one hundred repetitive grievances complaining of his medical care at the Pulaski County Jail, but has never initiated any appeal for any of his grievances. *Id.* at 4. Thus, the Sheriff has provided evidence Craft has not fully exhausted any grievance related to his claim in this lawsuit.

In his response, Craft agrees he has not fully exhausted any grievance, but argues his administrative remedies were unavailable for two reasons. First, Craft argues the copy of the Offender Guide available to him at the computer kiosk is "out of date." ECF 56 at 9. In support of this argument, Craft provides evidence the Offender Guide lists

the wrong name for the current sheriff of Pulaski County Jail. ECF 56-1 at 17. But the fact that the Offender Guide lists the wrong sheriff does not show its description of the Inmate Grievance Procedure is outdated or inaccurate. Because there is no evidence the Offender Guide available to Craft in any way misrepresents the requirements of the Inmate Grievance Procedure, Craft's assertion that the Offender Guide is "out of date" does not show his administrative remedies were unavailable.

Second, Craft argues he has attempted to submit grievance appeals which were ignored, rejected, or responded to inappropriately by the grievance office. ECF 56 at 10. In support of this argument, Craft provides copies of grievance appeals he attempted to submit in April 2023, after the defendants filed their summary judgment motion. ECF 56-1 at 7-14. But Craft cannot rely on these documents to show he attempted to exhaust his claims in this lawsuit, as he filed these documents well after filing this lawsuit in July 2022. *See Perez*, 182 F.3d at 535 (a case filed before administrative remedies have been exhausted must be dismissed "even if the prisoner exhausts intra-prison remedies before judgment"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later). Craft does not allege or provide any evidence he attempted to submit any grievance appeal prior to filing this lawsuit. Similarly, Craft provides an affidavit from another inmate dated April 17, 2023, who attests he observed Craft attempt to submit a grievance appeal, but the inmate does not specify when Craft attempted to submit this appeal. ECF 56-1 at 18-19. Because Craft does not provide any evidence he attempted to appeal any of his

numerous grievances before filing this lawsuit, he has not shown the appeal process was unavailable to him.

Accordingly, because the Sheriff has provided undisputed evidence Craft did not exhaust any grievance related to his medical treatment, and Craft provides no evidence his administrative remedies were unavailable, the Sheriff has met his burden to show Craft did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of the Sheriff.[1]

For these reasons, the court:

(1) GRANTS the Sheriff's motion for summary judgment (ECF 48); AND

(2) DIRECTS the clerk to enter judgment in favor of the Sheriff and against Kenneth R. Craft, Jr., and to close this case.

SO ORDERED on May 30, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because the court concludes Craft did not exhaust his administrative remedies before filing this lawsuit, it does not reach the Sheriff's alternative merit-based argument that he has provided constitutionally adequate medical care.